UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS WYNNYCKY, | Case No. 2:20-CV-00590-KJD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, NEVADA DEPARTMENT OF PUBLIC SAFETY, NEVADA HIGHWAY PATROL, | |
| Defendants. | |

Presently before the Court is Plaintiff Marcus Wynnycky's Application to Proceed in *In Forma Pauperis* (ECF No. 1), filed on March 26, 2020. Attached to the Application were a letter from the Office of the Attorney General (filed as a proposed Complaint), a civil cover sheet, and a proposed summons.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give surety for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint under 28 U.S.C. § 1915(e)(2). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marked omitted). When screening the complaint, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (internal citation omitted). Further, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." The purpose of Rule 8 is to enable the Court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft*, 556 U.S. at 679 (internal citation omitted). To state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *Id*. at 678-79. Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (internal citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* A liberal construction of a complaint filed *pro so* may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Here, Plaintiff fails to file a Complaint. The single page attachment to Plaintiff's *in forma pauperis* application identifies no defendant and no cause of action. To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Further, even presuming Plaintiff seeks to sue the NHP, Plaintiff fails to state this claim, which, in any event, may be barred. States, and governmental agencies that are an arm of the state, are not persons for purposes of section 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 (9th Cir. 2003). The Nevada Highway Patrol is an arm of the State, and entitled to Eleventh Amendment immunity. Therefore, Plaintiff may not maintain a civil rights action against the Nevada Highway Patrol as stated. *Meza v. Lee*, 669 F.Supp. 325, 328 (D. Nev. 1987).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's document and purported complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying facts that are alleged to support the plaintiff's claims regarding each defendant's wrongful conduct. The amended complaint must also identify the causes of action – claims – plaintiff is asserting against each defendant. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give Defendants fair notice of Plaintiff's claims against them and Plaintiff's entitlement to relief.

Plaintiff is advised that if he files an amended complaint, the proposed Complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

DATED: April 8, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE